Mitchell D. Schweitzer, J.
An order of this court has been entered directing payment of the balance remaining in this estate after payment of certain administrative expenses toward the partial satisfaction of a revaluated bill for care and maintenance of this now deceased incompetent ward at a State hospital. Attention has been called to a prior intermediate accounting in this estate. It is asserted in substance that the approval of a bill rendered for care and maintenance and the payment thereof at a rate less than full reimbursement rate on an intermediate accounting debars revaluation of charges for such period on a subsequent accounting.
*863 A reading of subdivision 1 of section 24 of the Mental Hygiene Law clearly shows the converse to be true: ‘ ‘ The commissioner in his discretion may accept payments for such services at less than the reimbursement rates but acceptance of payments at less than the reimbursement rates shall not be construed to release a patient, his estate, committee or guardian, or the trustee of a trust fund established for his support, or any fiduciary or payee of funds for and on behalf of a patient from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rates.”
Thus, the establishment of a.rate less than the full reimbursement rate cannot be said to estop revaluation retrospectively, of an approved amount paid on an intermediate accounting and prospectively, as in this case, to the death of the incompetent ward, which death has occasioned the final accounting here in question. Inherent in the authority for fixing rates by the Department of Mental Hygiene is the studied concern of the Department of Mental Hygiene for the cure and subsequent rehabilitation of their charges. Therefore, in the interests of rehabilitation of persons released as cured and restored to society, rates are intermediately fixed measurably lower than would be required if the full cost of their maintenance, care and treatment were imposed. This is done in order to prevent a rapid diminution of the usually very limited funds of patients so as to provide a competence to aid and sustain them to return to their former usefulness and independence.
With the death of such wards, since such factors are removed, it would be inequitable to stay the force and express language of the section quoted {supra) to thus deprive the Department of Mental Hygiene of at least part of the cost of maintaining and treating patients in order to effect the escheat which petitioner herein seeks at the expense of the State of New York which has maintained and treated such patients during their lifetime. The court is therefore constrained to find that payment of hospital charges upon intermediate accountings is not res judicata as to the amount of such charges so as to estop revaluation of the same upon the final accounting. The motion for reargument is therefore denied.